**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ERICA L. GARBATINI, a/k/a | ) | Case No. 18-51587 (JAM) |
| ERICA LAFFERTY, | ) | |
| | ) | |
| Debtor | ) | November 22, 2019 |

**NOTICE TO DEBTOR:**
**THE TRUSTEE SEEKS, THROUGH THIS APPLICATION, TO RETAIN AN ATTORNEY ("SPECIAL COUNSEL") TO ACT FOR THE ESTATE. SPECIAL COUNSEL MAY HAVE REPRESENTED YOU IN THE PAST. A CONFLICT OF INTEREST MAY ARISE WHEN SPECIAL COUNSEL REPRESENTS THE ESTATE. IN SOME CASES, IT IS POSSIBLE THAT THE TRUSTEE MAY REQUEST THAT SPECIAL COUNSEL ALLOCATE ANY AWARD OR SETTLEMENT AMONG VARIOUS ELEMENTS OF DAMAGE. THIS ALLOCATION MAY AFFECT THE AMOUNT THE DEBTOR MAY CLAIM EXEMPT. THE DEBTOR MAY ALSO DISAGREE WITH THE AMOUNT OF THE SETTLEMENT THE TRUSTEE PROPOSES. SPECIAL COUNSEL'S DUTY WILL BE TO THE ESTATE, AND NOT TO DEBTOR. ALTHOUGH THE DEBTOR MAY OBJECT TO THE PROPOSED SETTLEMENT, SPECIAL COUNSEL CANNOT REPRESENT THE DEBTOR IN CONNECTION WITH THE OBJECTION.**

**IF THE DEBTOR DOES NOT OBJECT TO THE PROPOSED RETENTION WITHIN FOURTEEN DAYS OF RECEIVING THIS MOTION, THE PARTIES WILL ASSUME THE DEBTOR WAIVED THE POTENTIAL CONFLICTS DESCRIBED IN THE NOTICE.**

**APPLICATION TO EMPLOY SPECIAL COUNSEL FOR THE TRUSTEE**

Richard M. Coan respectfully represents as follows:

1. Your Applicant heretofore was appointed Trustee of the estate of the above-named debtor, has qualified, and now is serving as such Trustee.

2. Among the assets of this estate are the debtor's claims for invasion of privacy by false light, defamation and defamation per se, intentional infliction of emotional distress, negligent infliction of emotional distress, civil conspiracy and claims under the Connecticut Unfair Trade Practices Act against Alex Jones, et als., as set forth in a civil action styled <u>Erica Lafferty et al. v. Alex Emric Jones et al.</u>, pending in the Connecticut Superior Court for the Judicial District of

Bridgeport and bearing Docket No. FBT-CV18-6075078-S.

    3. Your Applicant desires to employ Koskoff, Koskoff & Bieder, P.C., 350 Fairfield Avenue, Bridgeport, Connecticut 06604 as his special counsel to represent the bankruptcy estate with respect to the prosecution of said claims. Said firm has been representing the debtor with respect this matter.

    4. Prior to the commencement of the debtor's above-captioned bankruptcy case, Koskoff, Koskoff & Bieder, P.C. entered into a retainer agreement with the debtor. Said agreement provided that said firm is entitled to a one-third contingency fee in addition to the reimbursement of out-of-pocket expenses and disbursements. Pursuant to C.G.S. §52-251c, including subsection (c) of said section, a client is permitted to waive certain fee limitations set forth in said statutory provision under certain conditions including but not limited to the substantially complex or unique nature of the medical and/or legal issues in the case, and the likelihood of extensive investigation and discovery proceedings. The debtor herein waived the statutory contingency fee limits in this case, except for the limitation that the fee will not exceed one-third of the recovery, the waiver of which limitation is not permitted under the statutory scheme. Said retainer agreement provided further that Attorney Ron Etemi of Trantolo & Trantolo is a participating counsel and will share in a fee paid to Koskoff, Koskoff & Bieder P.C.

    5. The trustee agrees that this case presents complex and unique legal issues and that there is a high likelihood that extensive investigation and discovery proceedings will be required. Accordingly the trustee has agreed, subject to the approval of this court that Koskoff, Koskoff & Bieder P.C. shall be entitled to compensation based on a contingency fee of 33 1/3% of any recovery in addition to reimbursement of all reasonable out-of-pocket expenses and disbursements, all of which will be subject to the provisions of C.G.S. §52-251c including the waiver provisions of C.G.S. §52-251c(c).. The trustee has determined that said law firm has in force satisfactory professional liability coverage.

    6. Except for said law firm's representation of the debtor in connection with said matter, said firm has no connection with the debtor, the creditors, or any other party in interest, or their respective

attorneys, and represents no interest adverse to the Trustee or the estate in connection with this matter.

7. The Trustee is not proposing to employ Ron Etemi of Trantolo & Trantolo, but notes that Koskoff, Koskoff & Bieder P.C. has agreed to share its fee in this case with said attorney.

**WHEREFORE,** your Applicant prays that said law firm be authorized to act as special counsel for the estate with compensation for such legal services to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow.

Dated at New Haven, Connecticut this 22nd day of November 2019.

Respectfully Submitted,

/s/ Richard M. Coan
Richard M. Coan, Trustee (ct06376)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange Street
New Haven, Connecticut 06511
Telephone:    (203) 624-4756
Facsimile:    (203) 865-3676
Email:        rcoan@coanlewendon.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| ERICA L. GARBATINI, a/k/a ) | Case No. 18-51587 (JAM) |
| ERICA LAFFERTY, ) | |
| ) | |
| Debtor ) | |

## DECLARATION

I, William M. Bloss, declare:

1. I am an attorney with the firm of Koskoff, Koskoff & Bieder, PC and I and my firm are experienced in tort litigation matters.

2. The trustee is seeking to employ my firm by the Application to which this declaration is attached.

3. Prior to the filiing of Erica Garbatini's bankruptcy petition, my firm entered into a retainer agreement with the her to represent her with respect to potential claims and damages emanating from the conduct of Alex Jones/Info Wars and associated entities in connection with the Sandy Hook school shooting. As described in the trustee's application, said retainer agreement provides for the same fee arrangement as that which the trustee proposes.

4. My firm is well qualified to represent the trustee and my firm maintains a professional liability policy, which policy is presently in force, and I have provided a copy of the Declaration Page to the Trustee.

5. My firm does not hold any interest adverse to the above-entitled estate and is a disinterested person as defined in 11 U.S.C. Section 101.

6. Except for my firm's representation of the debtor with respect to the litigation matter described in the Trustee's application to employ, my firm has no connection with the debtor, creditors of the estate, any party in interest, the attorneys and accountants who represent the debtors, creditors of the estate, or any party in interest, the United States Trustee, or any person employed in the Office of the United States Trustee.

7. My firm has no pre-petition or other claim against the estate.

2

8. My firm has no interest adverse to the Trustee, the estate or the debtor.

9. I acknowledge that the bankruptcy estate will be my firm's client with regard to the matter for which my firm is being employed.

10. My firm acknowledges that said matters cannot be settled without consultation with the Trustee and the approval of the United States Bankruptcy Court.

11. My firm agrees to turn over to the Trustee all funds recovered on account of the debtor's claims through settlement or litigation.

12. My firm acknowledges that the United States Bankruptcy Court must approve its fee application and request for reimbursement of costs before its fee can be paid.

13. My firm acknowledges that it is not authorized to grant any "letters of protection" upon, offer to protect payment of any claim for medical or other services out of, or otherwise pledge or encumber in any way any part of any recovery without a separate Order of this Court, which may or may not be granted.

14. My firm acknowledges that it will represent the bankruptcy estate in this case, and that payment of its unsecured creditors must be its paramount concern.

15. My firm has in force, and will continue to maintain in force, a professional liability insurance policy with significant limits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Bridgeport, CT this 22 day of Nov 2019.

_____
William M. Bloss

Subscribed and sworn to before me this 22 day of Nov 2019.

_____
Print Name: Tracy Ann Vojtek
Notary Public
Commission Expires: 4/30/2022

3