**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In the matter of | ) | Chapter 7 |
| | ) | |
| ERICA L. GARBATINI, a/k/a | ) | Case No. 18-51587 (JAM) |
| ERICA LAFFERTY, | ) | |
| | ) | |
| Debtor | ) | |

**RICHARD M. COAN, TRUSTEE'S**
**RESPONSE TO MOTION TO FILE LATE PROOF OF CLAIM**

Richard M. Coan, Trustee of the Bankruptcy Estate of Erica Garbatini, hereby responds to the motion of Alex Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, LLC (collectively, "Jones") to file a late proof of claim.

STATUS OF PROCEEDINGS

On May 25, 2021, Jones filed his *Motion to File Late Proof of Claim and Memorandum in Support Thereof* (the "Claim Motion") (ECF No. 48). In a seven page statement of the "facts," Jones recites the following about his alleged claims against the bankruptcy estate:

- That Jones might have a claim predicated on his prevailing on a Special Motion to Dismiss that was terminated as a discovery sanction. Jones argues that the discovery sanction occurred while the Superior Court lacked subject matter jurisdiction. *Claim Motion,* at p. 4. Jones does not reveal that the Superior Court's sanction was affirmed by the Connecticut Supreme Court. Recently, the Superior Court rejected Jones' contention that it lacked subject matter jurisdiction when it entered the discovery sanction in favor of Garbatini.

- Jones acknowledges that he "had previously agreed to waive all but $1" of his claims based on his Special Motion to Dismiss. *Id.*

- Jones also asserts that "[s]hould Movants otherwise prevail in the litigation, they will be entitled to their taxable costs, which would be anticipated to be no less than $500." *Id.*

The remainder of Jones' factual recitations do not describe any claim held by Jones. Jones does not attach a proposed proof of claim to his Claim Motion.

1

## ARGUMENT

The United States Bankruptcy Code specifically contemplates the filing of tardy proofs of claim and provides for the treatment of such claims in a Chapter 7 bankruptcy proceeding. *See* 11 U.S.C. § 726(a)(4). The Trustee is aware of no prohibition on the filing of tardy proofs of claim. The Trustee is aware of no authority that requires court permission to file a tardy proof of claim. In the Claims Motion, Jones does not state that he seeks permission to file a proof of claim that is deemed a timely proof of claim.

The Trustee has no objection to the filing of a proof of claim by Jones. The Trustee reserves his right to challenge the validity of any proof of claim filed by Jones. To the extent that Jones seeks to have the claim deemed to be timely filed, the Trustee further reserves his rights to challenge the timeliness of any proof of claim filed by Jones.

The Trustee supports Jones' request that he be required to file a proof of claim within seven days of the order granting the Claim Motion. The filing of Jones' proof of claim is essential for this Court's consideration of whether Jones has standing in these bankruptcy proceedings. The filing of Jones' proof of claim is also central to the Trustee's completion of the administration of this bankruptcy case.

RICHARD M. COAN, TRUSTEE

By /s/ Richard M. Coan
Richard M. Coan (ct06376)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange St.
New Haven, CT  06511
(203) 624-4756
(203) 865-3673 Facsimile
rcoan@coanlewendon.com

Timothy D. Miltenberger (ct08874)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange St.
New Haven, CT  06511
(203) 624-4756
(203) 865-3673 Facsimile
tmiltenberger@coanlewendon.com
(Application  pending)

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 11, 2021 a copy of the foregoing was filed electronically and will be sent by email to all parties by operation of the Court's electronic filing system to all appearing parties. Parties may access this filing through the Court's CM/ECF System.

                                                            /s/ Timothy D. Miltenberger
                                                            Timothy D. Miltenberger