**UNITED STATES BANRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| ERICA GARBATINI, | : | Bankruptcy Case No. 18-51587 (JAM) |
| | : | |
| Debtor. | : | |

**RICHARD M. COAN, TRUSTEE'S**
**REPLY TO ALEX JONES' RESPONSE**
**TO THE TRUSTEE'S APPLICATION TO EMPLOY ATTORNEY**

Richard M. Coan, Trustee of the Bankruptcy Estate of Erica Garbatini (the "Trustee"), by and through his attorneys, Coan, Lewendon, Gulliver & Miltenberger, LLC (application pending), hereby responds to the objection of Alex Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, LLC (collectively, "Jones") to the Trustee's application to employ counsel, and states as follows:

*INTRODUCTION*

As this Court knows, the Trustee sold causes of action to the debtor, Erica Garbatini, pursuant to 11 U.S.C. § 363. At the hearing on June 8, 2021, this Court stated that the structure of the Trustee's transaction should have been a motion to compromise and settle pursuant to Fed. R. Bankr. P. 9019, not a sale transaction.

The Trustee did (and perhaps does) not consider the two paths to completing the transaction (§ 363 and Rule 9019) to be mutually exclusive, especially since the Trustee was selling the debtor claims that were not being settled. But this is irrelevant. What is relevant is that the Court considers the type of transaction that occurred in this case to be a transaction for which a motion to compromise under Rule 9019 would have been preferable if not required. The

1

Trustee understands the Court's position on the matter and will act accordingly in the future. This leaves the Trustee and the Court to consider solutions in the Garbatini case in which the sale transaction has already occurred.

At the hearing on June 8, 2021, this Court highlighted many points at which the sale transaction might have collapsed – most importantly, a dismissal of the estate's claims without payment by the debtor/buyer.  Fortunately, the sale transaction concluded as the parties to it intended.  The Trustee sold all of the claims to the debtor and the debtor paid the purchase price. Things might have gone awry, but fortunately none did.

Of course, none of this has anything to do with Alex Jones.  Mr. Jones (and his affiliates) has no claim against the estate.  (Upon information and belief, in the unlikely event that Mr. Jones does have a claim, it would be *very* small.)   Further, Mr. Jones' status as a defendant in litigation does not make him a party in interest.  Indeed, the rules of bankruptcy standing were created to keep people like Alex Jones from interfering with the administration of bankruptcy cases.

## *ARGUMENT*

11 U.S.C. § 327 provides, in pertinent part, as follows:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

The Trustee seeks to retain Coan, Lewendon, Gulliver & Miltenberger, LLC ("Coan Lewendon") to represent the estate.

The Garbatini case has two facets that are proceeding simultaneously, but, while connected to some degree, are independent. The first facet relates to this Court's concerns over the structure of the transaction between the estate and the debtor. These concerns must be addressed and corrected to the satisfaction of the Court. The Trustee looks forward to doing so. The attorneys at Coan, Lewendon have more than 60 years of combined experience in administering bankruptcy cases under all chapters of the United States Bankruptcy Code. The Trustee believes that Coan Lewendon will assist him and the Court.

The second facet is the position of Mr. Jones and his role in the bankruptcy case. The Trustee has contended and still contends that Mr. Jones has no role in the bankruptcy case and has no rights at stake in the bankruptcy proceedings. Coan, Lewendon has (successfully) litigated these types of standing issues in this Court and in the United States Court of Appeals for the Second Circuit. *In re Dunne*, 684 Fed.Appx. 85 (2d Cir. 2017); *In re Licata*, 659 Fed.Appx. 704 (2d Cir. 2016). The Trustee believes that the assistance of Coan, Lewendon will benefit the estate.

Coan, Lewendon is disinterested within the meaning of 11 U.S.C. § 101(14). Coan, Lewendon is not a creditor, an equity holder, or insider of the debtor. Coan, Lewendon holds no interest adverse to the estate or any class of creditors for any reason. Coan Lewendon does maintain a credit card account with American Express, which is a creditor of the bankruptcy estate.

WHEREFORE, Richard M. Coan, Trustee responds to the objection of Alex Jones to his application to retain Coan, Lewendon, Gulliver & Miltenberger, LLC.

RICHARD M. COAN, TRUSTEE

By /s/ Richard M. Coan
Richard M. Coan (ct06376)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange St.
New Haven, CT  06511
(203) 624-4756
(203) 865-3673 Facsimile
rcoan@coanlewendon.com

By /s/ Timothy D. Miltenberger
Timothy D. Miltenberger (ct08874)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange St.
New Haven, CT  06511
(203) 624-4756
(203) 865-3673 Facsimile
tmiltenberger@coanlewendon.com
(His Attorneys, Application Pending)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 11, 2021 a copy of the foregoing was filed electronically and will be sent by email to all parties by operation of the Court's electronic filing system to all appearing parties. Parties may access this filing through the Court's CM/ECF System.

                                                  /s/ Timothy D. Miltenberger
                                                  Timothy D.  Miltenberger