**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In the matter of | ) | Chapter 7 |
| | ) | |
| ERICA L. GARBATINI, a/k/a | ) | Case No. 18-51587 (JAM) |
| ERICA LAFFERTY, | ) | |
| | ) | |
| Debtor | ) | June 29, 2021 |

**APPLICATION TO EMPLOY ATTORNEY FOR THE TRUSTEE**

The Application of Richard M. Coan respectfully represents:

1. The debtor, Erica L. Garbatini, a/k/a Erica Lafferty, filed a Chapter 7 petition on December 5, 2018 and your Applicant was appointed Trustee of the above-captioned bankruptcy estate, has qualified, and now is serving as such Trustee.

2. On February 11, 2021, the Trustee filed a Notice of Sale of Property of Estate and Opportunity for Objections Thereto in which the Trustee stated his intention to sell back to the debtor all of her causes of action as set forth in a civil action styled <u>Erica Lafferty et al. v. Alex Emric Jones et al.</u>, pending in the Connecticut Superior Court for the Judicial District of Bridgeport and bearing Docket No. FBT-CV18-6075078-S. The proposed purchase price was $37,000.00 and the debtor agreed to pay more, should additional proofs of claim be filed, so that all allow creditors with allowed proofs of claim would be paid in full.

3. Through BNC, the Clerk served the Trustee's notice of intent to sell on all parties entitled to notice.

4. No party in interest objected to the proposed sale and the Trustee was therefore authorized to conduct the sale. See 11 U.S.C. §§363(b) and 102(1).

5. On or about April 19, 2021, the Trustee received the sale proceeds of $37,000.00. On May 10, 2021, Alex Jones and other related defendants (the "Jones Parties") in the aforesaid civil action filed a motion for relief from, or to vacate or void, the Trustee's aforesaid sale.

6. The Trustee will require the services of counsel to oppose said motion and to represent the Trustee with respect to related possible future proceedings, including but not limited to objecting to proofs of claim that the Jones Parties may file, the filing and prosecution of a possible

1

future motion to compromise and the conducting of a possible sale that the trustee may propose in the future. In addition, the Trustee has recently been served with a deposition and production subpoena in the underlying state court action and may require representation with respect thereto.

7. Your Applicant desires to employ the law firm of Zeisler & Zeisler, P.C.,10 Middle Street, 15th Floor, Bridgeport, Connecticut 06604, as his counsel with for these matters. Said firm and its attorneys are duly admitted to practice before this Court and are "disinterested persons" as that term is defined in §101(14) of the Bankruptcy Code, and are qualified to act as attorneys in this matter and represent no interest adverse to the bankruptcy estate.

8. Said law firm has agreed to represent the above-captioned estate without compensation.

9. It appears to the Trustee, based on the Declaration of Attorney Eric Henzy of said law firm, annexed hereto, that neither said law firm, nor any member, counsel, or associate thereof, has any connection with, or holds any interests adverse to, the Debtor, her creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, except as disclosed or otherwise described herein:

(a) Said law firm has a credit card account with American Express, which is a creditor of the bankruptcy estate.

(b) Through the years said law firm has represented debtors or creditors in numerous cases in which the Trustee was or is the trustee. Said law firm currently represents the Chapter 11 debtors in the matter of <u>In re Michael Parrella and Karen-Kimble Parrella</u>, Case No. 18-51613, in this Court, in which case the Trustee serves as Chapter 11 trustee; and said law firm currently represents the principal of the debtor in the matter of <u>In re Integrated Surgical, LLC</u>, Case No. 18-50186, in this Court, in which case said law firm is defending a preference avoidance action instituted by the Trustee in that case.

(c) Said law firm represented the Trustee in the matter of <u>SE Technologies, Inc.</u>, Case No. 03-50895, in this Court, which case was closed years ago.

(d) Said law firm and the law firm of Koskoff, Koskoff & Bieder, which has been retained as the Trustee's special counsel in this case, have a joint client in a matter unrelated to this case.

(e) Said law firm represents Clinton Nurseries, Inc., et al., in a challenge of the constitutionality of the increase in U.S. Trustee fees enacted in 2017.

(f) James Berman, an attorney at said law firm, is the Chapter 7 trustee in the matter of <u>Michael S. Goldberg</u>, Case No. 09-23371, et al., in this Court, and said law firm represents Mr. Berman in that case.

10. Said law firm has vast experience in bankruptcy matters. The Trustee believes that their employment would be in the best interest of this estate.

**Wherefore,** your Applicant prays that pursuant to 11 U.S.C. § 327(a) Zeisler & Zeisler, P.C. be authorized as of the date of this application to act as attorneys for the estate without compensation.

Dated at New Haven, Connecticut this date, June 29, 2021.

/s/ Richard M. Coan
Richard M. Coan, Trustee (ct06376)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange Street
New Haven, CT 06511
Telephone:    (203) 624-4756
Facsimile:    (203) 865-3673
rcoan@coanlewendon.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In the matter of | ) | Chapter 7 |
| | ) | |
| ERICA L. GARBATINI, a/k/a | ) | Case No. 18-51587 (JAM) |
| ERICA LAFFERTY, | ) | |
| | ) | |
| Debtor | ) | |

**DECLARATION IN SUPPORT OF TRUSTEE'S**
**APPLICATION TO EMPLOY ATTORNEY**

I, Eric Henzy, hereby declare as follows under penalty of perjury to the best of my knowledge, information and belief:

1. I am a stockholder in the law firm of Zeisler & Zeisler, P.C. (the "Firm"), 10 Middle Street, 15th Floor, Bridgeport, CT 06604. There are no disciplinary proceedings against me, and I am in good standing in those jurisdictions in which I am admitted to practice. I am authorized to make this declaration on the Firm's behalf. This declaration is submitted pursuant to Federal Rule of Bankruptcy Procedure 2014(a) in support of Richard M. Coan's (the "Trustee"), the chapter 7 trustee in this case, application to employ the Firm pursuant to Bankruptcy Code section 327(a).

2. The Firm is willing to undertake the representation of the Trustee for the purposes set forth in the aforesaid Application for no compensation.

3. It is the policy of the Firm that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the Firm's electronic database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by the Firm. The information in the database is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter. The Firm has conducted a search of its database

1

for its connections to the Debtor, her creditors, and any other party in interest, and also has inquired of all attorneys and staff at the Firm as to their knowledge of any connections to the Debtor, her creditors, and any other party in interest (the "Conflict Check").

4. Based on the Conflict Check and to the best of my knowledge, neither I, the Firm, nor any member, counsel, or associate thereof, has any connection with, or holds any interests adverse to, the Debtor, her creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, except as disclosed or otherwise described herein:

(a) The Firm has a credit card account with American Express, which is a creditor of the bankruptcy estate.

(b) Through the years the Firm has represented debtors or creditors in numerous cases in which the Trustee was or is the trustee. We currently represent the Chapter 11 debtors in the matter of <u>In re Michael Parrella and Karen-Kimble Parrella</u>, Case No. 18-51613, in this Court, in which case the Trustee serves as Chapter 11 trustee; and we currently represent the principal of the debtor in the matter of <u>In re Integrated Surgical, LLC</u>, Case No. 18-50186, in this Court, in which case we are defending a preference avoidance action instituted by the Trustee in that case.

(c) The Firm represented the Trustee in the matter of <u>SE Technologies, Inc.</u>, Case No. 03-50895, in this Court, which case was closed years ago.

(d) The Firm and the law firm of Koskoff, Koskoff & Bieder, which has been retained as the Trustee's special counsel in this case, have a joint client in a matter unrelated to this case.

(e) The Firm represents Clinton Nurseries, Inc., et al., in a challenge of the constitutionality of the increase in US Trustee fees enacted in 2017.

(f) James Berman, an attorney at the Firm, is the Chapter 7 trustee in the matter of <u>Michael S. Goldberg</u>, Case No. 09-23371, et al., in this Court, and the Firm represents Mr. Berman in that case.

5.      Based on the Conflict Check and to the best of my knowledge, the Firm is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) in that the Firm and its partners, counsel and associates are not creditors, equity security holders, or insiders of the Debtor; are not and were not, within 2 years before the date of the filing of the petition in this case, directors, officers, or employees of the Debtor; and do not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

6.      I am not related, and to the best of my knowledge, no attorney at the Firm is related, to any United States Bankruptcy Judge in this District or to the United States trustee for this District or any employee thereof.

7.      As of this date, the Trustee does not owe the Firm any amounts for legal services rendered.  As noted above, the Firm has agreed to represent the Trustee in this case for no compensation.

8.      Zeisler & Zeisler, P.C. maintains professional liability insurance in the amount of $10,000,000.00.  A copy of the declarations page of said policy is attached.

9.      I shall amend this declaration immediately upon learning that (a) any of the representations herein are incorrect or (b) there is any change of circumstances relating thereto.

I declare under penalty of perjury that the foregoing is true and correct, this date, June 29, 2021.

/s/Eric Henzy_____
Eric Henzy

3

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY): 01/26/2021

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER**
Kronholm Insurance Services, a division of
Brown & Brown of Connecticut
55 Capital Boulevard, Ste 102
Rocky Hill                                    CT  06067

CONTACT NAME: Edna Torres
PHONE (A/C, No, Ext):
FAX (A/C, No):
E-MAIL ADDRESS: etorres@bbofct.com

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A : Continental Casualty Company | 20443 |
| INSURER B : | |
| INSURER C : | |
| INSURER D : | |
| INSURER E : | |
| INSURER F : | |

**INSURED**
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Fl.
Bridgeport                                    CT  06604

**COVERAGES**    CERTIFICATE NUMBER: 21/22 PL POLICY    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | COMMERCIAL GENERAL LIABILITY [X] CLAIMS-MADE [ ] OCCUR [X] LAWYERS PROFESSIONAL | | | 287103033 | 02/01/2021 | 02/01/2022 | EACH OCCURRENCE | $ 10,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: [ ] POLICY [ ] PROJECT [ ] LOC OTHER: | | | | | | GENERAL AGGREGATE | $ 10,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | Death or Disability | $ |
| | AUTOMOBILE LIABILITY ANY AUTO OWNED AUTOS ONLY / SCHEDULED AUTOS HIRED AUTOS ONLY / NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB [ ] OCCUR EXCESS LIAB [ ] CLAIMS-MADE DED [ ] RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | PER STATUTE / OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

**CERTIFICATE HOLDER**

Zeisler & Zeisler, P.C.
10 Middle St
15th Fl
Bridgeport                        CT  06604

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

AUTHORIZED REPRESENTATIVE

*[signature]*

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)    The ACORD name and logo are registered marks of ACORD