**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| ERICA L. GARBATINI, | : | Case No. 18-51587 (JAM) |
| | : | |
| Debtor. | : | |

**WITHDRAWAL OF RICHARD M. COAN, TRUSTEE'S OBJECTION TO MOTION FOR RELIEF FROM, OR TO VACATE OR VOID, CHAPTER 7 TRUSTEE'S SALE OF LITIGATION CLAIMS BACK TO DEBTOR**

Richard M. Coan, Trustee of the Bankruptcy Estate of Erica Garbatini (the "Trustee"), by and through his attorneys, Zeisler & Zeisler, P.C., for his withdrawal of his Richard M. Coan, Trustee's Objection To Motion For Relief From, Or To Vacate Or Void, Chapter 7 Trustee's Sale Of Litigation Claims Back To Debtor (ECF Doc. No. 65, the "Objection"), respectfully states:

1. On December 5, 2018, Erica L. Garbatini (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, thereby commencing this Chapter 7 case. The Trustee is the duly appointed Chapter 7 Trustee in this case.

2. As detailed in the Objection, on February 16, 2021, the Trustee filed his Notice Of Sale Of Property of Estate And Opportunity For Objections Thereto (the "Sale Notice"), giving notice that the Trustee intended to sell all of the Debtor's causes of action as set forth in a civil action styled <u>Erica Lafferty et al. v. Alex Emric Jones et al.</u>, pending in the Connecticut Superior Court for the Judicial District of Waterbury and bearing Docket No. UWY-CV18-6046436-S (the "State Court Lawsuit"), to the Debtor for $37,000.00. The Sale Notice provided that such sum appeared to be sufficient to pay all administrative expenses of the bankruptcy case and all allowed

claims with interest, and the Trustee stated in the Objection that based on that sale price he considered this case to be a 100 cent on the dollar case based on the allowed claims known as of the time the Sale Notice was filed. In addition, the Sale Notice provides that if other creditors filed allowed claims prior to the time that the Trustee commenced his final distribution in this case, the Debtor had agreed to pay to the Trustee, from future recoveries derived from the above-described civil action, sufficient sums to pay said additional allowed claims in full together with interest allowed to such additional creditors. The Sale Notice was served on all creditors on the creditor matrix. The Sale Notice provided that any person objecting to said sale or wishing to make a higher offer was to notify the Clerk of the Bankruptcy Court in writing with a copy of the objection or higher offer to the Trustee no later than March 8, 2021; that a hearing on any objection was scheduled for March 16, 2021; and that if no objection to such sale or higher offers was received by March 8, 2021, said sale would be conducted as set forth above. No objection was filed or higher offer was received on or before March 8, 2021, no hearing was held on March 16, 2021, and subsequent to March 16, 2021, the Trustee closed on the foregoing proposed sale and is now holding $36,980.24, a standard technology fee of $19.76 having been deducted from the Trustee's estate bank account. As the Trustee stated at a June 8, 2021, hearing in this case, he viewed the sale as one method for monetizing the Debtor's claims in the State Court Lawsuit in a way that would produce full payment for creditors, the other being a motion to settle. The Trustee believed that a sale was superior to a motion to settle in this case because of his understanding that the terms of a settlement with certain of the defendants in the State Court Lawsuit are confidential and that a motion to settle with terms not disclosed would be problematic.

3. On May 10, 2021, Alex Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, LLC (the "Movants"), filed their Motion For Relief

From, Or To Vacate Or Void, Chapter 7 Trustee's Sale Of Litigation Claims Back To The Debtor, And Memorandum In Support Thereof (ECF Doc. No. 36, the "Motion"), asserting, among other things, that they are creditors of the Debtor, that they were entitled to notice of the sale described above, that they would have made a higher and better offer than the offer made by the Debtor, and that the above sale should be vacated or voided.

4.     At a June 8, 2021, hearing on the Motion, the Court made clear that it believes that a motion to settle the Debtors' claims in the State Court Lawsuit was the proper procedure to follow rather than the sale procedure used by the Trustee, and that any confidential terms of a proposed settlement of certain of the Debtor's claims in the State Court Lawsuit could be filed under seal.  Accordingly, and notwithstanding that the Trustee disputes many of the factual and legal assertions in the Motion and believes that the Movants do not have claims or standing in this case and filed the Motion for the purpose of gaining an advantage in the State Court Lawsuit rather than any real belief that they are entitled to a claim in this case, at a further hearing on the Motion held on July 13, 2021, the Trustee informed the Court that he would withdraw the Objection and consent to the granting of the Motion, and that he would forthwith file a motion to settle certain of the Debtor's claims in the State Court Lawsuit under Federal Rule of Bankruptcy Procedure 9019.

5.  The Trustee does not consent to the form of order that was filed with the Motion.

WHEREFORE, the Trustee hereby withdraws the Objection.

Dated at Bridgeport, CT, this 16th day of July, 2021.

RICHARD M. COAN, TRUSTEE

By: */s/ Eric A. Henzy*
Eric A. Henzy (ct12849)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
(203) 368-4234
ehenzy@zeislaw.com
Attorneys for the Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2021, a copy of foregoing Withdrawal of Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: */s/ Eric A. Henzy*
Eric A. Henzy (ct12849)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
(203) 368-4234
ehenzy@zeislaw.com
Attorneys for the Trustee