# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>ERICA L. GARBATINI,<br><br>      Debtor, | Case No. 18-51587<br>Chapter 7 |

## OBJECTION TO CLAIMED EXEMPTION

Creditors Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, LLC ("Creditors"), object to the list of claimed exemptions filed by Debtor Erica L. Garbatini (ECF No. 13, at 7, Schedule C, Part 1). In support hereof, Creditors state as follows:

1. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1334(a) and (b). This dispute is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper pursuant to 28 U.S.C. § 1408.

2. On or about May 23, 2018, Ms. Lafferty, among other plaintiffs, commenced an action in the Connecticut Superior Court, Docket No. FBT-CV18-6075078-S (the "State Court Case"), against Creditors, among other defendants, asserting claims including invasion of privacy by false light, defamation and defamation per se, intentional infliction of emotional distress, negligent infliction of emotional distress, civil conspiracy and claims under the Connecticut Unfair Trade Practices Act (collectivley, the "Litigation Claims"). Ms. Lafferty was represented in the State Court Case by the law firm of Koskoff, Koskoff & Bieder, P.C. ("KK&B"). Request for judical notice of the Complaint and State Court Case docket is requested.

3. In particular, the Complaint asserts that Ms. Lafferty, and the other plainitffs, are, collectively, the immediate family of four children and two educators killed in a mass shooting at

1

Sandy Hook Elementary School, in Newtown, Connecticut on December 14, 2012. In particular, the Complaint asserts that Ms. Lafferty is the daughter of Dawn Hochsprung, the principal of the school who died that day. The Complaint seeks a recovery of substantial monetary damages against the Movants for the exercise of their First Ammendment rights of freedom of speech and freedom of the press in relation to that matter. Needless to say, the Litgation Claims involve high profile and highly charged matters.

4.  On December 5, 2018 (the "Petition Date"), the Debtor filed her voluntary petition for relief under chapter 7, thereby commencing her chapter 7 case (the "Chapter 7 Case"), and also filed her bankutpcy schedules [ECF No. 1]. The Debtor was represented by Suzann Beckett, Esq. of UpRight Law LLC. This was the Debtor's second bankruptcy filing, as she had previously filed for chapter 7 on March 1, 2010 as Case No. 10-50469, and received her standard discharge on June 11, 2010.

5.  In conjunction with filing her voluntary petition, Debtor filed a Schedule C, identifying 13 property items she claimed as exempt, with a total exemption of $13,506.06 claimed. [ECF No. 1 at 16-17]. Of those claimed exemptions, exemptions totalling $5,703.06 were claimed pursuant to 11 U.S.C. § 522(d)(5).

6.  The Trustee conducted a 341 Meeting on January 2, 2019, of which Creditors, who were (and may, in fact, be) creditors of Debtor, received no notice.

7.  During the examination of Debtor, the Trustee elicited a response from her that she did not anticipate making any recovery in her suit against Interested Parties, stating "I'm honestly not expecting it to go anywhere. My primary goal in filing the suit was to have all of the defamation removed from my [sic] resources. I don't anticipate any monetary gain from that." *See* ECF No. 47-1, Transcript at 5:15-18. Counsel for Debtor hedged, however, and indicated that

she would not rule the possibility of a recovery and the Trustee thereupon indicated he would talk with the attorney representing Debtor in the State Court (Joshua Koskoff of Koskoff, Koskoff, & Bieder) to possibly retain him as special counsel. *Id.* at 6:11-12 & 19-21.

8. On January 21, 2019, Debtor filed an amended Schedule C identifying the Litigation Claims as also exempt pursuant to her "wildcard" exemption in 11 U.S.C. § 522(d)(5), with a value of "Unknown" and in the exempt amount of $7,396.94.

9. Eleven and a half months later, after Debtor continued to prosecute the state court claims in her own name through that firm, without giving any notice to Creditors or the state court, the Trustee filed an application to employ Koskoff, Koskoff, & Bieder. [ECF. No. 17].

10. On November 22, 2019, which was fully eleven (11) months after the Detor filed her Amendment, the Chapter 7 Trustee filed an application (the "Retention Application") to employ KK&B as special counsel to the estate pursuant to section 327(e) of the Bankrupcy Code. KK&B's retention application represented as follows:

> Prior to the commencement of the debtor's above-captioned bankruptcy case, Koskoff, Koskoff & Bieder, P.C. entered into a retainer agreement with the debtor. Said agreement provided that said firm is entitled to a one-third contingency fee in addition to the reimbursement of out-of pocket expenses and disbursements. Pursuant to C.G.S. §52-251c, including subsection (c) of said section, a client is permitted to waive certain fee limitations set forth in said statutory provision under certain conditions including but not limited to the substantially complex or unique nature of the medical and/or legal issues in the case, and the likelihood of extensive investigation and discovery proceedings. The debtor herein waived the statutory contingency fee limits in this case, except for the limitation that the fee will not exceed one-third of the recovery, the waiver of which limitation is not permitted under the statutory scheme. Said retainer agreement provided further that Attorney Ron Etemi of Trantolo & Trantolo is a participating counsel and will share in a fee paid to Koskoff, Koskoff & Bieder P.C.

11. On December 18, 2019, the Court entered an order authorizing the appointment of

KK&B as special counsel [ECF No. 25].

12.     At no time, however, did the Trustee, the Debtor, or the Special Counsel disclose what the possibility of recovery might be, which presumably warranted the application to employ.

13.     On October 23, 2020, one defendant in the Litigation Claims, Cory Sklanka, was dismissed by KK&B, which dismissal KK&B subsequently represented to be for strategic purposes, not for monetary recovery. *See Lafferty, et al. v. Jones, et al.*, Case No. 3:20-cv-01723-JCH (D. Conn. Dec. 02, 2020)(ECF No. 27-1, therein, at p. 14, *Memorandum of Law in Support of Plaintiffs' Motion to Remand*).

14.     On October 23, 2020, KK&B filed a *Memorandum Concerning the Status of Discovery* in the State Court Action announcing a settlement, in principle, with a defendant in that matter, Midas Resources, Inc. [State Court Action Docket No. 302.00]. And, at a status conference in the State Court Action on October 27, 2020, KK&B disclosed a settlement in principle with another defendant in that matter, Wolfgang Halbig.

15.     On February 11, 2021, the Chapter 7 Trustee filed a *Proposed Notice of Sale of Property* (the "Sale Notice") [ECF No. 27], which referred to the Litigation Claims, and on February 16, 2021, filed a *Notice* thereof [ECF No. 28]. The Sale Notice provided as follows:

> Notice is hereby given by Richard M. Coan, Trustee in the above case, that he intends to sell property of the above-captioned bankruptcy estate at private sale pursuant to an Agreement between Richard M. Coan, Trustee, as Seller, and the debtor, Erica L. Garbatini, Buyer. The agreed consideration that Erica L. Garbatini will pay for the property stated below is $37,000.00 plus a possible additional sum, as described below. If there are no objections or higher offers, the contemplated sale is scheduled to take place as soon as possible after the hearing date set forth below. If there are any objections or higher offers, the sale will take place as soon as practicable after the entry of an appropriate order by the United States Bankruptcy Court.
>
> The property to be sold is the following: All of the debtor's causes

of action including but not limited to claims for invasion of privacy by false light, defamation and defamation per se, intentional infliction of emotional distress, negligent infliction of emotional distress, civil conspiracy and claims under the Connecticut Unfair Trade Practices Act against Alex Jones, et als., as set forth in a civil action styled Erica Lafferty et al. v. Alex Emric Jones et al., pending in the Connecticut Superior Court for the Judicial District of Waterbury and bearing Docket No. UWY-CV18-6046436-S. The debtor has agreed to purchase these causes of action from her bankruptcy estate for $37,000.00. This sum appears to be sufficient to pay all administrative expenses of the bankruptcy case and all allowed claims with interest. In addition, if other creditors file allowed claims prior to the time that the trustee commences his final distribution in this case, the debtor has agreed to pay to the Trustee, from future recoveries derived from the above-described civil action, sufficient sums to pay said additional allowed claims in full together with interest allowed to such additional creditors.

16. On April 6, 2021, KK&B filed a *Withdrawal of Action Against Particular Defendants* as to Wolfgang Halbig and Midas Resources, Inc., in the State Court Action. [State Court Action Docket Nos. 317.00 & 318.00]. This dismissal was apparently pursuant to a settlement. [ECF No. 65 at 3].

17. At no time did the Trustee move this Court to approve either settlement pursuant to Fed. R. Bankr. P. 9019(a). Rule 9019 "has a "clear purpose . . . to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court." *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 461-62 (2d Cir. 2007) (quoting *In re Masters, Inc.*, 141 B.R. 13, 16 (Bankr.E.D.N.Y. 1992)).

18. The Trustee made no disclosure made as to the Bankruptcy Estate's share of that monetary recovery (*i.e.* the share of the payments made by the two settling defendants).

19. On April 19, 2021, the Chapter 7 Trustee filed a *Report of Sale* [ECF No. 35], which indicated that the sale of the litigation claims was concluded that day through his receipt of $37,000.

20. On July 12, 2021, Debtor filed amended Schedules E/F, identifying the instant Creditors as creditors of the bankruptcy estate [ECF No. 97].

21. On July 14, 2021, the Court issued an Order Setting Bankruptcy Case Deadlines for Added Creditors setting August 16, 2021 for Creditors to file an objection to the Debtor's lit of claimed exemptions. [ECF No. 102].

## Legal Analysis

22. Section 522(d)(5) allows a debtor to exempt "the debtor's aggregate interest in any property, not to exceed in value $1,325 plus up to $12,575 of any unused amount" of the debtor's homestead exemption. In the case at bar, Debtor claims no homestead exemption and thus is able to exempt the full amount--$13,900--under § 522(d)(5). Debtor's claimed exemptions under § 522(d)(5) total $13,100, of which the Litigation Claims of $7,396.94, represents the largest share.

23. A debtor may not list the value of her exemption as "unknown". In the matter of *In re Solly*, 392 B.R. 692, 694-95 (Bankr. S.D. Tex. 2008), this prohibition was explained on the following basis:

> In *In re Forti*, the court was concerned that listing the value of an asset as "unknown" meant that the debtors may have claimed the value of their entire interest as exempt. *In re Forti*, 224 B.R. 323, 329 (Bankr. D. Md. 1998). The Court believes this is a valid concern in light of the Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992). In *Taylor*, the Supreme Court held that if a debtor schedules an exempt asset as having an "unknown" value, and no objection is filed, then the debtor may exempt the entire value of that asset, regardless of the ultimate amount actually generated from the liquidation of the asset. *See Taylor*, 503 U.S. at 641. This Court believes it would encourage abuse to permit a debtor, after a trustee's objection, to exempt a potentially valuable interest in its entirety simply because the debtor claimed the value as "unknown." *See Forti*, 224 B.R. at 329. Exempting the value of the entire interest would frustrate the trustee's main objective--to liquidate non-exempt property to pay allowed claims.

24. The solution of the *Solly* Court, finding that listing a litigation claim as "unknown" is an "abuse of the system", following *Forti*, was the grant of "leave to amend the value of their

claim to specific dollar amounts within the statutory exemption limitation", with a prohibition on the use of the "word 'unknown', or words to that effect." 392 B.R. at 695. Specifically, per *Forti,* "the asset should be valued at either (1) the entire value of the debtors' interest on the petition date; (2) zero value; or (3) the entire value of the interest on the petition date not exceeding the maximum exemption." *Id.*

25.     Although Debtor must, herself, value the asset, it is likely this Court will need to hold a valuation hearing. *Solis, supra* at 695-96. Specifically:

> in a valuation hearing based on an evidentiary record, a court must establish the fair market value of the suit at a fixed point of time: the date the petition has filed. 11 U.S.C. § 522(a)(2); *Polis [v. Getaways, Inc. (In re Polis)*, 217 F.3d 899, 902 (7th Cir. 2000)]. Thus, "[t]he fact that the value of the property that the debtor seeks to exempt has changed since the filing date of the petition will not affect the amount of property that the debtor may exempt." *Tidwell v. Leskosky (In re Leskosky)*, 287 B.R. 295, 296 (Bankr. M.D. Ga. 2002) (quoting 4 Collier on Bankruptcy P. 522.03[2] (15th ed. rev. 2002)). The value is determined by estimating the value of the claim on the petition date multiplied by the percentage likelihood that the debtor will prevail in the lawsuit. *In re Villars*, No. 04-44521-H1-13, Ord. Regarding Debtor's Exemptions at 3 (Bankr. S.D. Tex. Oct. 26, 2005). The court's value determination results in a "final allocation of the asset," and the debtor's percentage interest in the lawsuit is determined by taking the specific amount the debtor claims as exempt divided by the value of the lawsuit as of the petition date. *See id.*
>
> Thus, hypothetically, if a court values the potential lawsuit at $ 100,000 and a debtor exempts up to $ 11,200 under § 522(d)(5), then the debtor holds an 11.2% exemptible interest in the lawsuit. This interest would entitle the debtor to exempt 11.2% of any damages recovered. Therefore, in the above hypothetical, if the damages eventually awarded are $ 1,000,000, then the debtor would receive $ 112,000 (*i.e.*, 11.2% of $ 1,000,000). The remaining amount ($ 888,000) would belong to the debtor's estate. The fact that a lawsuit might actually bring in more money than the value of the lawsuit determined by the court is an unavoidable possibility; however, the claim may also bring in less or nothing at all. *In re Villars*, No. 04-44521-H1-13, Ord. Regarding Debtor's Exemptions at 2 (Bankr. S.D. Tex. Oct. 26, 2005).

*Solly*, 392 B.R. at 696.

26.     The *Solly* decision has been favorably relied upon by at lease one other court in this

District.  *See In re Beaudoin*, 427 B.R. 31, 39 (Bankr. D. Conn. 2010).

27.    In short, Debtor cannot list her Litigation Claims as having an "unknown" value in claiming her wildcard exemption.  It is an abuse of the system and the Court must compel her to place a value thereon and, thereupon, hold an hearing to determine that value.

WHEREFORE, Creditors respectfully object to the list of claimed exemptions to the extent it includes the Litigation Claims as "unknown" value.

Dated: August 16, 2021.                                    Respectfully submitted,

/s/ Jay M. Wolman_____
Jay M. Wolman – ct29129 of
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
P: 702-420-2001
F: 305-437-7662
ecf@randazza.com
*Counsel for Creditors Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, & Prison Planet TV, LLC*

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on August 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

I FURTHER CERTIFY that on August 16, 2021, a true and correct copy of the foregoing document was deposited in the United States Mail, first class postage prepaid, properly addressed to each of the following:

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Holley L. Claiborn on behalf of U.S. Trustee
Office of The United States Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Synchrony Bank
c/o PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, VA 23541

/s/ Jay M. Wolman ct29129
Jay M. Wolman