## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>ERICA L. GARBATINI<br>a/k/a ERICA LAFFERTY<br>a/k/a ERICA SMEGIELSKI,<br><br>Debtor | CASE NO. 18-51587 (JAM)<br><br>CHAPTER 7<br><br>RE: Docket No. 116 |

### RESPONSE IN OPPOSITION TO OBJECTION TO CLAIMED EXEMPTION

Erica L. Garbatini a/k/a Erica Lafferty a/k/a Erica Smegielski (the "Debtor") hereby submits this response in opposition to the *Objection to Claimed Exemptions* dated August 16, 2021 (the "Objection") (Docket No. 116) filed by her alleged creditors, Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, LLC (collectively, the "Alleged Creditors").

The Objection should be overruled for a number of reasons, including the following: (i) given the early stages of the State Court Action (defined below), it would have been impossible for the Debtor to ascribe a value to her interest in the State Court Action in Schedule C and sign her petition, statements, and schedules under penalty of perjury; (ii) use of the word "unknown" to describe the value of an asset where, as is the case here, the Debtor specifically identifies the amount of the claimed exemption and the statutory basis for such exemption, does not exempt the entire asset from the bankruptcy estate; (iii) the case relied on by the Alleged Creditors for asserting the necessity of a hearing to determine the value of the Debtor's interest in the State Court Action has not been followed by any other court, is at odds with the vast majority of the case law, would create an unworkable burden on both debtors and trustees alike, and is undermined by the U.S.

Supreme Court's decision in *Schwab v. Reilly*, 560 U.S. 770 (2010); and (iv) a valuation hearing on the Debtor's interest in the State Court Action would be a colossal waste of valuable judicial resources while serving no cognizable benefit.

In response to the Objection, the Debtor states as follows.

## I. Factual Background

### A. The State Court Action

1. On May 23, 2018, the Debtor, among other plaintiffs, filed a lawsuit against the Alleged Creditors, among other defendants, in Connecticut Superior Court alleging damages stemming from statements by the defendants that the mass shooting on December 14, 2012, which occurred at Sandy Hook Elementary School in Newtown, Connecticut that left twenty children and six educators dead, including the Debtor's mother, was staged and never occurred (the "State Court Action"). (*Lafferty, Erica, et al. v. Jones, Alex Emric, et al.*, Docket No. UWY-CV18-6046436-S (Conn. Super. Ct.).) The State Court Action included counts against the Alleged Creditors, among other defendants, for invasion of privacy by false light, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and violations of the Connecticut Unfair Trade Practices Act.

### B. Debtor's Bankruptcy Case

2. On December 5, 2018 (the "Petition Date"), the Debtor filed a voluntary petition in this Court (the "Petition") under Chapter 7 of the United States Code (the "Bankruptcy Code").

3. On the Petition Date, the State Court Action was at its earliest stages. Indeed, even at the present date, more than three years later, trial in the State Court Action is still approximately one year away.

4.     As part of the Petition, the Debtor filed Schedule C on which she listed her property in which she claimed an exemption. (Docket No. 1, pp. 16-17.) On the Debtor's Schedule C, she claimed an exemption in, among other things, certain of her assets pursuant to 11 U.S.C. § 522(d)(5) in the total amount of $5,703.06. (*Id.*)

5.     On January 21, 2019, the Debtor filed her Amended Schedules A/B and C. (Docket No. 13.) Under question 33 of Amended Schedule A/B, the Debtor listed the State Court Action. (Docket No. 13, p. 5.) On Amended Schedule C, the Debtor also listed her claim in the State Court Action as being exempt up to the amount of $7,396.94 pursuant to 11 U.S.C. § 522(d)(5) and that the current value of the Debtor's claim in the State Court Action was "Unknown". (Docket No. 13, p. 7.) Pursuant to Amended Schedule C, the Debtor did not claim a homestead exemption of more than $160,375. (*Id.*)

6.     On July 12, 2021, the Debtor filed Corrected Schedules and an Amended List of Creditors. Among those listed on the Amended List of Creditors were the Alleged Creditors in connection with their roles as defendants in the State Court Action. Each of the Alleged Creditors' claims were listed as contingent, unliquidated, and disputed having a total claim amount of "Unknown." (Docket No. 97, pp. 1-4.)

7.     On August 16, 2021, the Alleged Creditors filed the Objection objecting to the Debtor's list of claimed exemptions to the extent that it includes the State Court Action as having an "unknown" value asserting that the Debtor may not list the current value of this asset as "unknown." (Docket No. 116, pp. 6-8.)

II.    **Response to Objection**

    A.    **Legal Authority**

    8.    Section 522(d)(5) of the Bankruptcy Code permits a debtor to exempt the "debtor's aggregate interest in any property, not to exceed in value $1,325 plus up to $12,575 of any unused amount of the exemption provided under paragraph (1) of this subsection[,]"[1] which provides for a homestead exemption for a debtor.

    9.    Fed. R. Bankr. P. 4003(c) provides in pertinent part that "the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections."

    B.    **Given the early stage of the State Court Action, the Debtor could not possibly have known its value as of the Petition Date.**

    10.    As of the Petition Date, the State Court Action was in its earliest stages. Indeed, as of today, the State Court Action has not reached a final resolution, so it is impossible for the Debtor to know the current value of her interest in that asset. As part of the filing of a debtor's statements and schedules, a debtor must declare under penalty of perjury that the answers being provided are true and correct on multiple occasions, which the Debtor did in this case. *See* Fed. R. Bankr. P. 1008 (providing that "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration . . .".) (Docket No. 1, pp. 6, 35, 42, 44.) If the Debtor listed a value of her interest in the State Court Action, she would have been unable to sign the Petition, statements, and schedules. By listing the current value of her interest in the State Court Action as "unknown," the Debtor was ensuring that she could certify under penalty of perjury that

---

[1] At the time of the Debtor's bankruptcy filing, the exemption limits contained in Section 522(d)(5) of the Bankruptcy Code were $1,250 and $11,850, respectively, leaving a total "wildcard" exemption of $13,100.

4

the answers she provided in the Petition, statements, and schedules were true and correct pursuant to Fed. R. Bankr. P. 1008.

11. In *In re Grueneich*, 400 B.R. 680, 686 (B.A.P. 8th Cir. 2009), the Eighth Circuit Bankruptcy Appellate Panel explained the difficulty in valuing certain assets, such as a pending litigation matter, as follows:

> [R]ecognizing the difficulty in valuing certain types of assets and claiming exemptions in such assets with unknown values, the Eighth Circuit has held that claiming an asset with an 'unknown' value exempt in an 'unknown' amount exempts the property up to the amount allowed by the applicable exemption(s). *In re Wick,* 276 F.3d 412 (8th Cir. 2002). The relevant questions in these situations are the debtor's intent in claiming the exemption in the manner done, and whether anyone was misled by the manner of claiming the exemption. *See In re Smith,* 2004 WL 41401 Bankr. W. D. Mo. 2004) (holding that since the trustee was not misled by the debtor's '$0.00' exemption in a personal injury lawsuit with an 'unknown' value—*i.e.,* the trustee interpreted the debtor's '$0.00' exemption to mean 'unknown'—then under *Taylor* and *Wick,* the debtors could claim the personal injury lawsuit proceeds up to the maximum allowed by the exemption laws at the time).

12. As the Eighth Circuit Bankruptcy Appellate Panel explained, there is an inherent difficulty in valuing certain types of assets and claiming exemptions thereto. An unresolved litigation action claiming damages for claims ranging from invasion of privacy to negligent infliction of emotional distress fits this category of assets squarely. Given the State Court Action's early stages as of the Petition Date, it was quite impossible for the Debtor to provide the current value of her interest in the State Court Action and then certify that such value is true and correct under penalty of perjury.

13. Accordingly, the Debtor's indication on Amended Schedule C that the current value of the Debtor's interest in the State Court Action is "Unknown" was appropriate given the

difficulty in valuing such an asset at this point in the litigation and her obligations to certify the Petition and accompanying statements and schedules. More important than the value of the asset, the Debtor clearly stated her intent to exempt her interest in the State Court Action under Section 522(d)(5) up to the remaining amount of such exemption, $7,396.94.

### C. Use of the word "unknown" to describe the value of the State Court Action will not exempt the entire amount of that asset.

14. The Alleged Creditors do not directly state why the listing of the State Court Action as having a current value of "[u]nknown" is problematic. While it may be that the Alleged Creditors fear that the Debtor may try to exempt the entire amount of any future judgment or settlement stemming from the State Court Action based on the reasoning in *Taylor v. Freeland & Kranz,* 503 U.S. 638 (1992),[2] such fear is unfounded based on the existing case law and the Amended Schedule C itself.

15. In fact, several bankruptcy courts have found such an argument unpersuasive and not allowed a debtor to exempt the entire amount of an asset. The Bankruptcy Court in *In re Soares* (relying on several other cases) explained as follows:

> [T]he fact that the Debtor valued the claimed exemption as 'unknown' does not, as the Debtor would have it, allow her to now assert an unlimited exemption in the Claim. The Court agrees instead with the analysis and conclusion explicated by the Eighth Circuit Court of Appeals in *Stoebner v. Wick (In re Wick),* 276 F.3d 412 (8th Cir.2002), where the court held that a debtor's use of the value 'unknown' with regard to an exemption claim did not operate to exempt the entire asset. *Hall,* 453 B.R. 22, 29 (Bankr. D. Mass. 2011). *See also In re Luckham,* 464 B.R. 67, 71–73 (Bankr. D. Mass. 2012).

*In re Soares*, 471 B.R. 20, 30–31 (Bankr. D. Mass. 2012) (internal quotation marks omitted).

---

[2] The Court in *Taylor* held that where a value is listed as having an "unknown" value and no objection to such exemption is filed that a debtor may be allowed to exempt the entire amount of the asset regardless of the amount generated from the liquidation of the asset. *Taylor*, 503 U.S. at 642.

16.     To the extent the Alleged Creditors object to the claimed exemption because they believe the Debtor is attempting to exempt the entire amounts that may be received in connection with the State Court Action, such fears are completely unfounded.  The Amended Schedule is crystal clear that the Debtor is asserting her maximum remaining exemption in the State Court Action totaling $7,396.94 under Section 522(d)(5), but is not trying to exclude the entirety of the litigation claim in the State Court Action from the bankruptcy estate.  *See In re Hall*, 453 B.R. 22, 28-29 (Bankr. D. Mass. 2011) (holding that discrimination claim with "unknown" value and "unknown" exempt amount under Section 522(d)(5) was limited to $11,190 available under that exemption provision).

     **D.**     **The *Solly* decision has not been followed, is based on a misapplication of prior precedent, is at odds with the vast majority of case law and subsequent Supreme Court precedent, and would create a burdensome and anomalous procedure.**

17.     The Objection appears to rely solely on a bankruptcy court decision from the Southern District of Texas in *In re Solly*, 392 B.R. 692 (Bankr. S.D. Tex. 2008).  (Objection, pp. 6-7.)  The *Solly* case's determination that a hearing to estimate the value of the Debtor's interest has not been followed in this district, within the Second Circuit, or any other court.  In *Solly*, the bankruptcy court held that it must determine the value of the asset subject to the claimed exemption, a malpractice action, because the debtor's exempt interest in such property was determined to the fractional interest of the amount of the exemption divided by the value of the litigation claim as of the petition date.  *Solly,* 392 B.R. at 695-96.

18.     It bears emphasis at the outset that no court has followed Judge Bohm's holding in *Solly* that a litigation claim subject to a wildcard exemption must always be valued to develop a fractional interest in the litigation proceeds that would be subject to the exemption.  The Alleged

Creditor's statement in the Objection that "[t]he *Solly* decision has been favorably relied upon by at lease [sic] one other court in this District" (Objection, pp. 7-8) is misleading. The United States Bankruptcy Court for the District of Connecticut only cites to *In re Solly*, 392 B.R. 692 (Bankr. S.D. Tex. 2008) in *In re Beaudoin*, 427 B.R. 30, 39 (Bankr. D. Conn. 2010) for the proposition that litigation claims may be the subject of a wildcard exemption under Section 522(d)(5). The Connecticut Bankruptcy Court did not further comment on the reasoning and/or holding of *Solly*, and certainly did not adopt its requirement that a hearing must be held to value a litigation claim each and every time a debtor claims an exemption in the proceeds of a litigation recovery.

19.     *Solly*'s lone authority for its anomalous holding is a misapplication of a decision of the Seventh Circuit Court of Appeals in *In re Polis*, 217 F.3d 899, 902 (7th Cir. 2000). In *Polis*, the debtor valued a litigation claim as being worth $0, and, thereby tried to exempt the entirety of the litigation claim from the estate under a state law provision that would have entitled her to exclude property valued at up to $900 from her estate. *Id*., 901. The Seventh Circuit Court of Appeals reversed lower court holdings that the debtor's claim of an exemption was improper because the litigation claim exceeded $900. *Id*., 904. The Seventh Circuit, after reviewing the evidentiary record, held that there was no evidence that the debtor's claim had a value of greater than $900 at the time of the bankruptcy filing. *Id*. The Seventh Circuit's decision nowhere requires the burdensome "fractional interest" valuation required by the *Solly* court and advanced now by the Alleged Creditors. Moreover, *Polis* has no application here because the Debtor has not sought to exempt the entirety of her interest in the State Court Action from the estate.

20.     If *Solly* were followed by this Court, it would require a burdensome, costly, and time-consuming hearing to value a litigation claim each and every time a debtor claimed an exemption in the proceeds of the same. Practically, this would mean the debtor, the trustee, and

potential creditors hiring damages experts, liability experts, and collectability experts to adjudicate an estimation of the value of the litigation claim in a mini-trial. Moreover, the development of a "fractional interest" in the litigation proceeds could result in a windfall to a debtor at the expense of her creditors. For example, if a litigation case is in its earliest stages, before discovery has been conducted, the amount of damages and liability may be found to be a fraction of what could be determined after discovery. In such a hypothetical, the exemption amount may represent a very high percentage and a favorable outcome in the litigation could result in a recovery well in excess of the amount of the quantitative limit of Section 522(d)(5) that the Code provides for a fresh start. Such a wasteful and anomalous process is not required by the Bankruptcy Code.

21. Given the problematic foundation on which *Solly* sits and the unworkable procedures it would require, it is no surprise that many courts hold that a debtor's interest in a litigation claim subject to Section 522(d)(5)'s wildcard exemption is limited to proceeds of the litigation claim up to the available amount of the exemption. *E.g.*, *In re Soares*, 471 B.R. at 31 (holding that exemption claim under Section 522(d)(5) was limited to "proceeds of the civil action in the amount of $11,000 . . ."); *In re Hall*, 453 B.R. at 31 ("this Court finds that the Debtor exempted an interest in the [wrongful termination claim] in an amount not to exceed $11,190. Any recovery on the Claim exceeding that amount remains property of the bankruptcy estate . . ."); *In re Kelin*, 341 B.R. 521, 530 (Bankr. W.D. Pa. 2006) (holding that debtor was entitled to receive portion of settlement up to value of unused wildcard exemption under Section 522(d)(5)); *see Williams v. Biesiada*, 486 B.R. 746, 757 (S.D. Tex. 2013) (holding that trustee had standing to pursue debtors' listed litigation claim and debtors' exemption was limited to $18,000 of recovery, which was amount listed on Schedule C); *In re Wissman*, 121 B.R. 739, 741 (Bankr. N.D.W. Va. 1990) ("debtors may not exempt any amount of the proceeds from the possible claim which

exceeds the statutorily prescribed maximum amount permitted to be exempted under W.Va.Code § 38–10–4(e). The best evidence of the value of the potential claim, however, is the recovery, if any, that the debtors ultimately achieve in the underlying action. *Although the Court could estimate this amount, it finds that such an exercise would be unnecessary since the value of the possible claim will not fluctuate over time*. Thus, the Court finds it sufficient to hold that the debtors may exempt the proceeds from any recovery on the potential claim only to the extent that such proceeds do not exceed the $7,900 maximum exemption allowed per individual under W.Va.Code § 38–10–4(e), with proper deductions made for other property exempted by the debtors which must also be included under this section." [emphasis added]); *In re Bronner*, 135 B.R. 645, 648 (B.A.P. 9th Cir. 1992) ("exemption claimed by the Debtors was simply an interest in any potential recovery from the lawsuit, a right to retain a certain sum of money up to $15,800[, the statutory maximum], not an absolute right to retain the lawsuit itself or all proceeds from the settlement. The only amount that could have re-vested in the Debtors was $15,800, the limit of their exemptions.").

22.     Moreover, the Supreme Court's subsequent jurisprudence concerning Section 522(d)(5) lends further credence that the "market value" of the property of the claimed exemption is not necessary for defining the extent of the exemption and further undermines *Solly*'s holding. In *Schwab v. Reilly*, 560 U.S. 770 (2010), the Supreme Court held that when a creditor or trustee is evaluating claimed exemptions on Schedule C, they may evaluate the propriety of the claimed exemption by reviewing just three fields on Schedule C: the description of the asset in which the exemption was claimed, the Code provision providing the exemption, and the value of the claimed exempt amount. *Id.*, 785. Thus, there is no need to object to an exemption to preserve the estate's interest in its value above the statutory amount set forth in the Code. *Id.*, 774. "In reaching this conclusion, we do not render the market value estimate on . . . Schedule C superfluous. We simply

confine the estimate to its proper role: aiding the trustee in administering the estate by helping him identify assets that may have value beyond the dollar amount the debtor claims as exempt, or whose full value may not be available for exemption because a portion of the interest is, for example, encumbered by an unavoidable lien." *Id*. Given the limited role that the market value plays in the need or basis to object to a claimed exemption casts further doubt on the analysis employed in *Solly*.

        **E.**      **A valuation hearing is unnecessary and a waste of judicial resources.**

23.      The Alleged Creditors' suggestion that a valuation hearing be held on the value of the State Court Action is pointless and would be a waste of this Court's valuable judicial resources.

24.      While the Court has discretion to manage its docket; *In re Suprema Specialties, Inc.*, 330 B.R. 40, 45 (S.D.N.Y. 2005); to hold an evidentiary hearing to value an asset that is completely dependent upon the outcome of a presently pending litigation is a colossal waste of time. It could, however, allow the Alleged Creditors to manipulate proceedings before this Court to gain an unfair advantage not available to them in the State Court Action. Indeed, this Court has made it quite clear that it will not be used to litigate matters presently before the Connecticut Superior Court in the State Court Action. (Docket No. 120 at 36:15 - 40:45.) Moreover, as described above, the hearing to estimate the value of the asset would serve no purpose whatsoever since the extent of the Debtor's claimed exemption is clear on the face of Amended Schedule C. Finally, as the U.S. Supreme Court observed in *Schwab* (as noted above) the market value component of Schedule C is of quite limited utility, and, therefore, a time-consuming and expensive hearing to estimate such value serves no purpose whatsoever.

## III. Conclusion

For the foregoing reasons, the Debtor respectfully requests that this Court overrule the Objection and grant such other and further relief as justice requires.

| | |
|---|---|
| Dated: Hartford, Connecticut<br>September 28, 2021 | By: /s/ *Eric Goldstein*<br>Eric Goldstein (Fed. Bar No. ct27195)<br>Jessica M. Signor (Fed. Bar No. ct30066)<br>Shipman & Goodwin LLP<br>One Constitution Plaza<br>Hartford, CT 06013<br>Telephone: (860) 251-5059<br>Facsimile: (860) 251-5218<br>Email: egoldstein@goodwin.com<br>         jsignor@goodwin.com<br><br>*Counsel for the Debtor* |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2021, a copy of the foregoing *Response in Opposition to Objection to Claimed Exemption* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by First Class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

| Via First Class Mail | |
|---|---|
| <u>Debtor</u><br>Erica L. Garbatini<br>33 Hart Street<br>Watertown, Connecticut 06795<br><br><u>U.S. Trustee's Office</u><br>Office of The United States Trustee<br>Holley L. Claiborn<br>The Giaimo Federal Building<br>150 Court Street, Room 302<br>New Haven, Connecticut 06510<br><br>American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, Pennsylvania 19355-0701<br><br>Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>P.O. Box 41021<br>Norfolk, Virginia 23541 | Alex E. Jones<br>Free Speech Systems, LLC<br>Infowars Health, LLC<br>Infowars, LLC<br>Prison Planet TV, LLC<br>c/o Jay M. Wolman<br>Randazza Legal Group, PLLC<br>100 Pearl Street, 14th Floor,<br>Hartford, Connecticut 06103-4500<br><br>Waterbury CT Teachers Federal Credit Union<br>c/o Melissa L Simonik, Esq.<br>Law Office of Melissa L. Simonik<br>1001 Farmington Avenue<br>Suite 303<br>Bristol, Connecticut 06010<br><br><u>Chapter 7 Trustee, Richard M. Coan</u><br>Eric A. Henzy, Esq.<br>Zeisler & Zeisler, P.C.<br>10 Middle Street, 15th Floor<br>Bridgeport, CT 06604 |

Dated at Hartford, Connecticut, this 28th day of September, 2021.

/s/ Eric S. Goldstein
Eric S. Goldstein